UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Clayton Samuel Wilson, Sui Juris, National of the Republic, Petitioner,

v.

Equifax, Respondent.

CASE NO: _____

VERIFIED COMPLAINT FOR WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.

I. JURISDICTION AND VENUE

This is an action for actual, statutory, and punitive damages brought by Petitioner against Respondent Equifax, for willful and negligent violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, "FCRA").

Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 (Federal Question).

Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) as Petitioner resides in this District and the illegal acts of reporting inaccurate and unverified data occurred herein.

II. PARTIES

4. Petitioner is a natural person and a National of the Republic, appearing with status corrected and documented via Sigillum Reipublicae Connecticutensis and Hague Apostille. Petitioner is a "consumer" as defined by 15 U.S.C. § 1681a(c) and an Auditor with ACFE Membership #4123.

5. Respondent Experian is a "Consumer Reporting Agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

III. STATEMENT OF FACTS

6. On December 30, 2025, Respondent Equifax willfully updated Petitioner's consumer credit profile to include 1 derogatory, fraudulent "phantom" account: JEFFERSON CAPITAL SYSTEM: Reported as a "New Account" with a creditor address of 200 14th Avenue East, Sartell, MN, 56377.

7. Petitioner asserts, following a professional forensic audit of all private financial records (ACFE #4123), that he has never entered into a contract, service agreement, or any form of indebtedness with Jefferson Capital System.

8. Petitioner further asserts that no "Original Wet-Ink Application" or underlying security instrument exists to support these entries.

9. The timing of these entries—appearing on the exact date Petitioner perfected his commercial status and filed ten (10) Administrative Status Updates in the public record—indicates that Respondent's reporting mechanisms were used as a vehicle for Slander of Credit and retaliatory reporting.

10. The publication of these fraudulent accounts has caused immediate and irreparable injury to Petitioner's commercial reputation and standing, constituting Libel per se.

IV. COUNT I: FAILURE TO MAINTAIN REASONABLE PROCEDURES (15 U.S.C. § 1681e(b))

11. Petitioner realleges and incorporates by reference the paragraphs above.

12. 15 U.S.C. § 1681e(b) mandates that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

13. Respondent breached this duty by allowing a third-party debt buyer (Jefferson Capital) to "push" unverified data into Petitioner's file without verifying the existence of an original, signed instrument of indebtedness or a valid contract.

14. Respondent's reliance on automated software (e-OSCAR/Metro 2) that prioritizes high-volume data ingestion over "maximum possible accuracy" constitutes a systemic failure of their statutory duty. Respondent knows, or should know, that debt buyers frequently report "phantom" or "scavenger" debt for which no original application exists.

V. COUNT II: FAILURE TO CONDUCT REASONABLE REINVESTIGATION (15 U.S.C. § 1681i)

15. Under 15 U.S.C. § 1681i, upon being notified of a dispute, Respondent is required to conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate.

16. Respondent has been put on notice of Petitioner's Sovereign Standing and Auditor Status via public administrative filings. Despite this, Respondent has maintained these fraudulent entries without requiring Jefferson Capital to produce the Original Application for forensic verification.

17. Respondent's failure to move beyond a cursory, automated "check-box" verification with the furnisher violates the "Reasonable Reinvestigation" standard established under federal law.

VI. COUNT III: WILLFUL NON-COMPLIANCE (15 U.S.C. § 1681n)

18. Respondent's violations were willful, as Respondent acted in conscious or reckless disregard for the rights of the Petitioner.

19. Respondent's business model intentionally accepts unverified data from third-party furnishers to maintain market dominance, despite the known high error rate of "debt buyer" reporting.

VII. PRAYER FOR RELIEF Petitioner respectfully moves this Court to enter judgment against Equifax, LLC for:

A. A Permanent Injunction ordering the immediate and permanent deletion of the T-Mobile and Jefferson Capital accounts;

B. Actual Damages for the destruction of commercial credit capacity and emotional distress in an amount to be proven at trial;

C. Statutory Damages of $1,000 per violation;

D. Punitive Damages pursuant to 15 U.S.C. § 1681n to deter future reckless and willful misconduct;

E. All costs of this action and any other relief the Court deems just and proper.

*[Signature]* UCC 1-308

Clayton Samuel Wilson
111 Grandview Ave
Bridgeport CT 06606